IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Nos.: 04-192-03 |
| vs. | : | 04-507-04 |
| | : | |
| SHANNON JOHNSON, | : | |
| Defendant | : | |

**SENTENCING MEMORANDUM
OF DEFENDANT, SHANNON JOHNSON**

**AND NOW**, comes the Defendant, Shannon Johnson, by and through his counsel, Worth, Magee & Fisher, P.C., and submits the following Sentencing Memorandum:

**I.   INTRODUCTION**

On July 13, 2004, a superceding indictment was filed at No. 04-192 charging Defendant, Shannon Johnson ("Johnson"), with conspiracy to commit armed bank robbery in violation of 18 U.S.C. §371; bank robbery in violation of 18 U.S.C. §2113(a); two counts of armed bank robbery and aiding and abetting in violation of 18 U.S.C. §2113(d) and (2); two counts of using and possessing a firearm during a crime of violence in violation of 18 U.S.C. §924(c); and felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).  On August 26, 2004, Johnson was indicted at No. 04-507 and charged with conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. §1951.  The cases were consolidated for disposition.  On January 24, 2005, pursuant to written guilty plea agreements, Johnson entered guilty pleas to each and every count charged in both indictments.

1

In case No. 04-192, Johnson agreed to plead guilty, pay a special assessment of $700.00, to make restitution of $30,035.00, to cooperate fully and truthfully with the Government, and that if the Government determined that he had fulfilled his obligation of cooperation, then at the time of sentencing, the Government would file motions to allow the Court to depart from the Sentencing Guidelines pursuant to Section 5K1.1, and to depart from any mandatory minimum sentence on Count VI, only, pursuant to section 18 U.S.C. §3553(e).  In criminal No. 04-507, Johnson agreed to plead guilty, pay a special assessment of $100.00 and to make restitution of amount of $88,367.49.  The guilty plea agreements also contained various stipulations which pertained to each indictment filed.

A Pre-Sentence Investigation report was prepared which found a total offense level of 30, a criminal history of category of III, and a guideline range of imprisonment of 121 to 151 months.  In addition, there is a mandatory consecutive 10 years for Count IV at 04-192, and an additional consecutive 25 years for Count VI.  Therefore, the guideline sentencing range becomes 541 to 571 months and as a result of the plea agreements, there is a mandatory minimum sentence of 10 years.

**II.   STANDARD**

As a result of the United States Supreme Court decisions in the consolidated cases of *United States v. Booker* and *United States v. Fanfan*, 125 S.Ct. 738 (2005), district courts are now charged with imposing a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C.

§3553(a), after considering: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed and kinds of sentences available; (3) the guidelines and policy statements issued by the sentencing commission, including the non-mandatory guideline range; (4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct; and (5) the need to provide restitution.

Turning to the first factor, in indictment No. 04-192, Johnson's role in each of the bank robberies was to act as the jumper, in that the vaulted over the teller counter in an effort to remove money. He did not handle any weapons, never fired any shots at anyone, and never physically pushed or touched any of the occupants within the banks. In indictment No. 04-507, Johnson's role was to act as the blocker following the robbery, in that the was to place his vehicle between the getaway vehicle and any pursuers. In reality what happened was that Johnson was inside the Wawa at the time of the offense, and never acted as the blocker.

Johnson was originally charged by Montgomery County authorities on the matter which eventually led to the indictment at 04-507 on March 18, 2004. The next day, he was arrested by the federal authorities. At that time, Johnson made an immediate, conscious decision on his own, without the services of counsel, to cooperate with the authorities. Among other things, he immediately confessed to his involvement in not only the robbery of the armed courier, but as well as the three (3) banks. In addition, he gave a voluntary statement, in writing, admitting to all of the forgoing and accepting

full responsibility for his actions.  He further voluntarily consented to a search of his residence, as well as his vehicle.  Johnson continued cooperating thereafter by participating in multiple proffer sessions with the Government, providing background information concerning the robberies and other crimes he knew of, testifying at the Government's request before a grand jury, and testifying at the trial of codefendant, Eric Humbert, in case No. 04-192.  In addition to evidence independently collected by the Government, Johnson's testimony was considered essential to prosecute Humbert for the Fleet Bank robbery of June 20, 2003.

From a personal perspective, Johnson is the father of three (3) children, whose father died from a gunshot wound some fifteen (15) years ago.  He, himself, abused marijuana beginning at the tender age of fourteen (14) which continued throughout his adult life except for when he was incarcerated.  He has a very severally injured right hand upon which he has had several surgeries, with future surgeries necessary.  He cannot close his hand completely and requires daily medication to withstand the pain.

As to the second factor, the only kind of sentence available to Johnson is incarceration.  He will also have to face additional possible jail time as a result of an open case in Philadelphia County.  He was not able to appear for trial on that matter scheduled for March 31, 2004, because he was incarcerated on the underlying federal charges.  Therefore, any sentence imposed should reflect that Johnson may be facing additional jail time.

Thirdly, the advisory sentencing guidelines call for a sentence of 541 to 571 months. Pursuant to the guilty plea agreements, the Government will be moving for a downward departure pursuant to section 5K1.1 of the Sentencing Guidelines, a motion to permit the Court to sentence below any mandatory minimum term of imprisonment required under Count VI only, at No. 04-192, with the understanding that Johnson will, nonetheless, face a mandatory minimum term of imprisonment of ten (10) years.

Next, Johnson is only aware of one other codefendant in either of the cases who has been sentenced to date. The dockets indicate that Joseph Allen, a codefendant at No. 04-192 was sentenced to a term of imprisonment of 48 months, ordered to pay restitution in the amount of $6,081.00 and directed to pay a special assessment of $300.00. Allen had been charged with conspiring to rob one of the banks as well as using and possessing a firearm during a crime of violence.

Finally, there is restitution due and owing in this case in the total amount of $118,375.69.

### III.   **CONCLUSION**

Johnson respectfully requests that this Honorable Court grant the Government's Motion for a Downward Departure pursuant to section 5k1.1 and 18 U.S.C. §3553(e) and sentence him to a term of imprisonment which is sufficient but not greater than necessary to achieve the purposes of sentencing. Johnson further requests that this Honorable Court recommend to the Bureau of Prisons that he serve his imprisonment

at a facility as close as possible to Philadelphia, and that he be allowed to participate in a residential substance abuse treatment program.

                              Respectfully submitted,

                              *WORTH, MAGEE & FISHER, P.C.*

                              /s/ Marc S. Fisher
                              Marc S. Fisher, Esquire
                              Attorney for Defendant
                              515 Linden Street, Third Floor
                              Allentown, PA  18101
                              610-437-4896
                              I.D. No.:  36711

**CERTIFICATE OF SERVICE**

I, Marc S. Fisher, Esquire, hereby certify that on this date I served a true and correct copy of the Sentencing Memorandum of Defendant, Shannon Johnson, by U.S. First Class Mail, postage prepaid, to the individual, at the address and on the date indicated below:

Jennifer Chun, Esquire
*U.S. Department of Justice*
615 Chestnut Street
Philadelphia, PA 19106-4476

DATE: April 19, 2005          /s/ Marc S. Fisher
                              Marc S. Fisher, Esquire
                              Attorney for Defendant
                              515 Linden Street, Third Floor
                              Allentown, PA  18101
                              610-437-4896
                              I.D. No.:  36711